JOHN C. NIXON and GEORGE W. NIXON v. WILLIAM H. JEN-
KINS and MARTIN H. PORTER.

The plaintiffs and the defendants owned respectively lots of land adjoining each
other. The plaintiffs, by mistake, paid the tax due on the defendants' land, and
on acquainting one of the defendants, who were joint owners of the land, with the
fact, he promised that they would repay it.

*Held*, that there was a sufficient consideration to sustain the promise, and that the
defendant making it was liable thereon, but not the other defendant.

Although individuals may be partners in real estate, the statement of one to that
effect will not bind the other without further proof of joint ownership.

The title of the defendants to the lot in question not having been disputed upon the
trial, *held*, that the title to lands did not come in question so as to deprive a dis-
trict court of jurisdiction of the cause.

APPEAL by plaintiffs from a judgment of the Second District
Court. This was an action to recover for money paid by the
plaintiffs, to the use of the defendants, under the following cir-
cumstances: The plaintiffs and the defendants owned adjoining
lots of land in Brooklyn. By mistake, owing to a confusion in
the numbers of the lots, the plaintiffs paid the taxes, $41.40, due
on the defendants' lot. Having discovered the error, they ac-
quainted the defendants of it, and the defendant Porter promised
that they would repay it. Having failed to do so, this action
was brought against them to recover the amount of that pay-
ment. The justice dismissed the complaint.

*William M. Allen*, for the appellants.

*Tomlinson, Walden and Brigham*, for the respondents.

BRADY, J.—The title to land of the plaintiffs did not come in
question on the trial of this action, and the title of the defendants
to the land on which the taxes were alleged to have been paid
*was not disputed* on the trial. It seems to have been conceded
that the defendants owned the land on which the taxes were
paid, or that the defendant Porter owned it conjointly with the
other defendant. According to the testimony of Mr. Allen, Por-
ter so stated, and promised to pay the taxes paid by the plain-

tiffs.   He (Porter) stated that " the assessment number on the assessment map of Porter & Jenkins' map was the same as the street number of Nixon's; that Nixon had paid the tax of Porter & Jenkins, instead of his own, by a mistake." This promise to pay was repeated by Porter on two occasions subsequent to the interview referred to.   If the defendants, or either of them, are liable to the plaintiffs on the evidence of the plaintiffs' witnesses, it is not a sufficient answer that the defendants' property could not be sold until September, 1856.   The taxes were due and payable, but the property could not be sold until the expiration of the period limited by the statute.   The obligation to pay, however, existed, and that was sufficient.   The consideration of the promise was good, therefore.   The money paid was for the defendant Porter's benefit, to which he assented by promising to pay.   He derived a benefit from it, and that was equivalent to a previous request.   *Doty* v. *Wilcox*, 17 Johns. 378.   It is not an answer to this view, that the defendants might have preferred to have the property sold, inasmuch as the action is founded on the promise to pay the tax, and which promise is sustained by a good consideration.   There is no proof, however, that Jenkins owned the lot on which tax was paid, or any part thereof.   Porter said that he did own it conjointly with him, but that admission or statement did not bind him, or prove the fact. Although individuals may be partners in real estate, the statement of one of them to that effect will not bind the other as to charges upon such estate, without further proof.   No evidence, therefore, having been given to charge Jenkins, the justice would have properly disposed of the case by giving judgment in favor of the plaintiff against Porter, and against him as to Jenkins. The Code, section 274, explained in *Bumskill* v. *James* (1 Kern 301), makes such a course the duty of courts.   I think that Porter was liable on his promise to the plaintiff, and that judgment should have been given against him, and that the judgment should be reversed as to the defendant Porter.

   Judgment reversed as to defendant Porter.