## New York Supreme Court.

*General Term.*

### SANDFORD *against* WHEELER.

**Promise to repay money paid by mistake.**    The plaintiff by mistake paid a sum of money to redeem defendant's premises from a tax sale.    The defendant promised to repay plaintiff the sum paid, and the action was founded on this promise. *Held,* that the promise was valid, and the action maintainable.    The plaintiff need not prove the regularity of the tax or the sale.

*Thomas M. Wheeler*, for appellant.

*C. W. Sandford*, for respondent.

Davis, P. J.—This action was brought upon an alleged promise of defendant to pay plaintiff a sum of money

Sandford *v.* Wheeler.

which the latter had, by mistake, paid to redeem the defendant's premises from a tax sale. On June 5, 1873, the plaintiff paid to the clerk of arrears of the corporation of the city of New York $1,114.92 to redeem lot No. 329 on the map of the Sixteenth Ward. He made the payment, supposing it to be on lot No. 200 West Twenty-third street, but afterward ascertained that No. 291 on the ward map was in fact No. 130 West Twenty-third street, and was the property of the defendant. Both lots had been previously sold for taxes, and the time for redemption would expire soon after the time of such payment. Having discovered his mistake, the plaintiff claims that he wrote immediately to the defendant setting out the fact that he had paid by mistake the sum above mentioned to redeem his lot 130 West Twenty-eighth street from a sale for the taxes of 1866, 1867 and 1868, for which it had been sold on December 16, 1871, and that but for this payment a lease for ninety-nine years would have been executed to the purchaser on June 17, 1873, and that he had discovered the mistake, and therein requested the defendant to repay the money, and that, with full knowledge of these facts, the defendant promised to repay him the amount. The case was submitted to the jury on the trial upon the question whether the defendant had made such promise, and no exceptions were taken to the charge. The jury found for the plaintiff.

It is now sought to reverse the judgment, on the ground that the plaintiff was bound to show the legality and regularity in all respects of the tax, and of the proceedings taken to sell, and of the sale of the defendant's lot, before he could be legally entitled to recover under the promise. We think he was not bound to go to that extent. It was sufficient to show that the defendant's lot had in fact been sold for the taxes of the years mentioned, and that upon that sale a lease was about to be executed to the purchaser, and that the plaintiff, by mistake, paid the moneys and effected a complete redemption of the lot, and that, with

the knowledge of these facts, the defendant promised to repay the same. By this promise the defendant treated the sale as a valid one. He might, of course, have made his promise conditional upon the legality of the sale, and in that case the plaintiff would have been put to the proof the defendant now seeks to require ; but, as he did not choose to do this, he is estopped by his promise from setting up any such irregularity, or requiring the plaintiff to establish the validity of the sale before he is entitled to enforce the promise. By the promise as made he treated the payment of the money as properly made for his benefit, and the fact that it was made by the plaintiff, and operated to redeem the lot from the tax sale, and that the defendant enjoyed the benefit of such redemption, was sufficient consideration to uphold the promise.

The exceptions, therefore, taken in the course of the trial and presented to us on this argument, are immaterial, and the judgment should be affirmed.

This decision was affirmed by the court of appeals, April 9, 1878 (73 *N. Y.* 607). To the same effect, Nixon *v.* Jenkins (1 *Hilt.* 318).