(21 App. Div. 256.)

### MERRITT v. YOUMANS et al.

(Supreme Court, Appellate Division, Second Department. October 26, 1897.)

1. MORTGAGE—CONTRACT FOR EXTENSION.

S., the owner of certain premises, executed a mortgage. Thereafter there were successive conveyances, each grantee assuming payment of the mortgage. A., one of these grantees, conveyed to T., and T. to Y. In an action to foreclose the mortgage, in which a deficiency judgment was sought against A.'s executors, it appeared that the mortgagee, after the mortgage was overdue, had given to Y. a receipt for interest and part of the principal, which added, "For the ensuing year, interest to be 5%" instead of 6%. There was no promise in that connection by Y. *Held*, that this did not constitute a valid agreement to extend the time for payment or to reduce interest, and did not discharge A.'s executors.

2. SAME—ASSUMPTION BY GRANTEE—DISCHARGE.

*Held*, further, that they were not discharged by the mortgagee's acceptance of interest at the reduced rate.

3. SAME.

*Held*, further, that they were not discharged by the fact that the mortgagee had refused an offer of the owner of the equity of redemption to surrender the premises to the mortgagee.

Appeal from special term.

Action by Helen Merritt against Mary J. Youmans and others. From a judgment for plaintiff, defendants Frederick W. Seward and others appeal.    Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Henry B. B. Stapler, for appellants.
Allison Butts, for respondent.

CULLEN, J.    This action was brought to foreclose a mortgage, and to charge the appellants, as executors of Maria Weed Alden, deceased, with any deficiency that might arise on the sale of the mortgaged premises.   The mortgage was executed by William O. Spooner and wife to one Mary Ham.   Through several mesne conveyances, Mrs. Alden acquired title to the mortgaged premises.   In the conveyance to her, Mrs. Alden assumed the payment of the mortgage; and, as the mortgage had likewise been assumed by each of her predecessors in title, in regular succession, that covenant bound her.   Mrs. Alden subsequently conveyed the farm to Mary A. Tabor by a conveyance in which the latter also assumed the payment of the mortgage, and the farm was subsequently conveyed to Mrs. Youmans, the present owner.   The mortgage had become payable long prior even to the conveyance to Mrs. Alden.   The appellants resisted the attempt to charge them on the covenant of their testator, on the ground that transactions between the holder of the mortgage and Mrs. Youmans had discharged them from liability.   The special term decided this claim adversely to the defendants, and from the judgment rendered on that decision this appeal is taken.

We think the decision of the special term correct.   The claim that the time for the payment of the mortgage was extended is based on a receipt for interest, signed by the mortgagee, as follows:

"May 2nd, 1881.

"Received of Henry J. Youmans seven hundred and forty dollars, interest in full to date, and part of principal; and, for the ensuing year, interest to be 5%."

This did not constitute any invalid agreement for the extension of time of payment of the mortgage, or for the reduction of the rate of interest, even within Olmstead v. Latimer, 10 App. Div. 163, 41 N. Y. Supp. 44.   In that case the court was of opinion that the mutual promises of the mortgagor and mortgagee that the time should be extended constituted a valid agreement, and that an agreement by the mortgagor not to pay the mortgage until the extended time, and then to pay it with interest during the period of extension, constituted a valid consideration for the extension.   In the present case there is no promise on the part of the debtor.   Certainly there is none expressed in the paper.   And the trial court decided, as a matter of fact, that there were no mutual promises.   The alleged agreement was therefore void, or rather there was none.   The acceptance of interest at the reduced rate did not discharge the appellants.   It was not received under any valid agreement.   It may be that the plaintiff cannot recover (she does not seek to do so) the amount of interest which she remitted; but, if so, it is only on the theory enunciated in McKenzie v. Harrison, 120

N. Y. 260, 24 N. E. 458, that the transaction was substantially a gift of that amount to the debtor. It is unnecessary to say whether a valid agreement for the reduction of the rate of interest on a security, to be operative in the future, would discharge a surety; but plainly the receipt, at a less rate, of interest already accrued, would have no such effect. Certainly the creditor could take the full interest, and immediately return to the debtor the amount of the abatement; and the receipt of the reduced sum is, in substance, only the same transaction.

It appears that the owner of the equity of redemption offered to surrender the mortgaged premises to the mortgagee. This the mortgagee refused to accept. It is claimed that this act prejudiced the rights of the surety, and should discharge her. We cannot see why. A mortgage in this state is a mere lien. The mortgagee had the right to have the premises sold by the court towards the satisfaction of her claim. She was under no obligation to become a mortgagee in possession. That relation has doubtless some advantages, but it also imposes obligations. I know of no principle on which it was incumbent on the plaintiff to assume those obligations.

The judgment appealed from should be affirmed, with costs. All concur.