## WOOD v. WELZ.

(Supreme Court, Appellate Division, Second Department.  May 8, 1899.)

LEASE—CANCELLATION—RENT—RELEASE OF GUARANTOR.

Where a lessor called before the term had expired, and found a third person in the occupation of leased premises, of which he had no previous notice, his acceptance of money from him did not cancel the lease, and release a guarantor of the rent from further liability, but merely reduced the amount of the unpaid rent.

Appeal from Kings county court.

Action by Martin V. Wood against John Welz, as guarantor for the payment of rent.  From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

M. Hallheimer, for appellant.

Francis S. McDivitt, for respondent.

GOODRICH, P. J.  The plaintiff leased to one Hatter certain premises for a term of five years, commencing October 1, 1892.  The defendant, who was a brewer, of whom Hatter bought beer, guarantied the payment of the rent.  Hatter occupied the premises and continued to pay the rent up to May 1, 1896, when he moved out.  Two weeks later one Wintermeyer and wife went into possession of the premises, in which it seems there were saloon fixtures belonging to the defendant.  Wintermeyer paid some money to the plaintiff, and the defendant contends that this is evidence to show that the plaintiff accepted a surrender of the premises, and recognized Wintermeyer as his tenant, whereby the liability of Hatter, as tenant, and of the defendant, as surety, was terminated.  The court, on sufficient evidence, found that the plaintiff had never seen the Wintermeyers, and did not know that they occupied the premises, until he called, and found them in possession, and that he did not lease the premises to them.  Under these facts, the subsequent acceptation by the plaintiff of money from the Wintermeyers did not work a cancellation of the lease, but simply reduced the amount of the unpaid rent, leaving the defendant liable on his guaranty for the amount of the rent up to the termination of the lease.

The defendant further contends that, in addition to the usual allegation of lease, guaranty, and occupation in the complaint, there was an allegation that the defendant took possession of the premises after Hatter's removal, and thereafter occupied the same by himself or his agent, and that two causes of action were thus set up in the complaint.  The plaintiff was asked by defendant's counsel whether he had any other relation with the Wintermeyers than that of landlord and tenant, and, this being objected to by the

plaintiff's counsel, the court said, "I will permit an amendment of the complaint to cover that," and no further notice seems to have been taken of the point. The witness testified that Mr. Wintermeyer never rented any premises of him. There is no evidence in the record that the plaintiff ever resumed possession of the premises, unless the acceptance of rent from Mrs. Wintermeyer can be construed to have that effect, and we have already held that it is not sufficient for that purpose. The judgment must be affirmed.

Judgment affirmed, with costs. All concur.