(50 App. Div. 430.)

## BRUMM et al. v. GILBERT.

(Supreme Court, Appellate Division, Second Department.   April 14. 1900.)

1. GUARANTY—CONSIDERATION—FORBEARANCE TO SUE—PRINCIPAL.

A guaranty of the debt of another, providing that all profits obtained from the principal's business should be applied on the debt, and that, in case he should not be able to pay the same before a certain date, the guaranty would be fulfilled in a certain prescribed manner does not show a forbearance to sue the principal, as a consideration therefor.

2. SAME—SPECIAL—NEGOTIABILITY.

A guaranty of the debt of another, reciting that all profits of the principal's business should be applied on the debt, and that, in case the principal died, the guarantee was to collect his life insurance and discharge the guarantor, imposed a special personal trust in the guarantee, and hence could not be transferred to a third party.

Appeal from special term, New York county.

Action by Charles Brumm and others against Mary Ann Gilbert. From a judgment in favor of defendant, sustaining a demurrer (59 N. Y. Supp. 237), plaintiffs appeal.   Transferred from First to Second department.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Emanuel J. Myers, for appellants.

William W. Buckley, for respondent.

WILLARD BARTLETT, J.   The terms of the instrument upon which this action is brought are as follows:

"I guaranty the 'new account' of Mr. W. C. Gilbert, my husband, with Messrs. Abaye, Vison Bimar & Co., amounting to this date to one hundred and twenty thousand francs, representing the disbursements made by the firm of Abaye, Vison Bimar & Co. since the first day of January, one thousand eight hundred and ninety-one.

"It is well understood:

"(1) That all the profits obtained from Mr. Gilbert's business from and after this day shall be applied to the discharge of this account.

"(2) That, in case of the death of Mr. Gilbert, Messrs. Abaye, Vison Bimar & Co., who are to collect his life insurance, will discharge me completely from the present guaranty.

"(3) In case that, contrary to the expectation of Mr. Gilbert, he should not be able to pay off this account between now and the end of December, 1896, and should oblige you to require the execution of this guaranty, I shall only be able to acquit myself towards you by paying you one-half of my income, amounting to six thousand francs a year; not possessing any capital of which I can dispose.   I will therefore require the necessary and proportionate delay.

"Made at Paris the fourteenth day of January, one thousand eight hundred and ninety-five.                                    [Signed]   M. Gilbert.

"I authorize the above.                              [Signed]   W. C. Gilbert."

The plaintiffs sue as assignees of the firm of Abaye, Vison Bimar & Co., mentioned in the guaranty; alleging a transfer to them of all the right, title, interest, and cause of action in and to the "new account," therein mentioned, and all sums of money due and owing from the said W. C. Gilbert, therein named, to the said firm of Abaye, Vison Bimar & Co.

In the court below it was held that the instrument sued upon, being a promise to pay the existing debt of another, was void on

its face, because no consideration was expressed in the paper itself, and none could be spelled out or implied from any of its provisions. In the case of a written guaranty given by a third party to a creditor, that his debtor will thereafter pay to him a pre-existing debt, it is sufficient if the instrument, either expressly or by fair implication, shows that the promise rests upon a legal consideration. Barney v. Forbes, 118 N. Y. 580, 23 N. E. 890. It is argued that this guaranty clearly imports an agreement on the part of the promisees to forbear to enforce payment of the principal indebtedness from the date of the instrument, January 14, 1895, until the end of December, 1896. It is well settled that an agreement of forbearance to sue is a good consideration for a promise to pay the debt of another. Bank v. Parker, 130 N. Y. 415, 29 N. E. 1094, and cases therein cited. The decisions referred to by the learned judge at special term in support of the proposition that forbearance to sue the original debtor is not sufficient to take the case out of the statute of frauds merely go to the extent of holding that such forbearance or indulgence to the debtor will not support an oral promise by a third party to pay the debt. Thus, in Mallory v. Gillett, 21 N. Y. 412, one Haines owed the plaintiff for repairs on a canal boat, for which indebtedness the plaintiff had a lien on the vessel. In consideration of the relinquishment of the lien and of forbearance to sue the original debtor, defendant promised the plaintiff orally to pay the debt at a certain specified time in the future. "The promise," said Chief Judge Comstock, "was to answer for the existing and continuing debt of another, or, in the language of the books, it was a collateral promise. The consideration was perfect, but, as there was no writing, the case seems to fall within the very terms of the statute." So, in Ackley v. Parmenter, 98 N. Y. 425, the promise which was the subject of discussion was not embodied in any written instrument, but was merely an oral statement. These authorities, then, would sustain the position of the appellants, if we could find in the instrument in question any evidence of the existence of a legal consideration, in the shape of an agreement to forbear the enforcement of payment as against the principal debtor. This, however, we are unable to discover. There was nothing in the guaranty which prevented the promisees from suing Mr. Gilbert immediately. The terms of the instrument did preclude them from enforcing the guaranty, as against Mrs. Gilbert, until the end of December, 1896, but they imported no intent to grant any indulgence whatever to Mr. Gilbert. Indeed, the provision that all the profits obtained from his business from and after the date of the guaranty should be applied to the discharge of the guarantied account implied that the payment of his indebtedness, instead of being postponed at all, was to be begun at once.

Another question is involved in the decision of the court below, although it was not expressly passed upon. The defendant contends that the plaintiffs have acquired no right to enforce the guaranty by virtue of the assignment of the instrument to them by the original promisees, Messrs. Abaye, Vison Bimar & Co. This depends on the character of the guaranty. If it was special, it was not as-

signable until a right of action had arisen thereon. Bank v. Kaufmann, 93 N. Y. 273. The complaint shows that it was assigned before the original promisees were in a position to assert any cause of action upon it. If, on the other hand, it was a general guaranty, capable of being enforced by any one into whose hands it came, it was transferable at the time of its assignment by the original promisees, and the plaintiffs have acquired the right to enforce it. The distinction between general and special guaranties is clearly pointed out by Chief Judge Ruger in the case of Bank v. Kaufmann, already cited. "In the case of a special guaranty," he said, "the liberty of accepting its terms is confined to the persons to whom it is addressed, and no cause of action can arise thereon except by their action in complying with its conditions. Such a guaranty contemplates a trust in the person of the promisee, and, from its very nature, is not assignable until a right of action has arisen thereon, which may, like any other cause of action arising upon contract, be then assigned." It seems to us that the instrument upon which the defendant is sought to be charged was a special guaranty. It would have to be deemed general if it ended with the first paragraph. The subsequent provisions, however, indicate that the promisor placed a special personal trust and confidence in the promisees, which was not to be extended to anybody else. The declaration that all the profits obtained from Mr. Gilbert's business from and after the date of the instrument should be applied to the discharge of the guarantied account is a provision of this nature; and so, also, is the further declaration that, in case of the death of Mr. Gilbert, Messrs. Abaye, Vison Bimar & Co. were to collect his life insurance. These matters incline us to the opinion that the defendant executed the instrument in reliance on the integrity and good faith of the firm to whom the guaranty was delivered, and hence that it could not be transferred to a third party, so as to be enforceable by that party. There are many cases which hold that, where a debt is assigned, a simple guaranty of the payment thereof goes with the principal obligation, and can be enforced by the same parties who can enforce that. It is nevertheless true, as was held in Stillman v. Northrup, 109 N. Y. 473, 17 N. E. 379, that a guaranty can be so drawn as to be personal, and to have force and effect only as to the person to whom it is given, and so as not to be transferable or assignable to any other person. "But in order thus to limit a guaranty," says Earl, J., in the case cited, "the language should be plain and peculiar, and the intention of the parties should not be left in uncertainty." In our opinion, the guaranty in controversy here may fairly be regarded as thus restricted,—particularly in view of the undertaking assumed by the firm to which it was delivered that all the profits obtained from the business of the defendant's husband should be applied to the discharge of his indebtedness. These views in reference to the consideration and character of the guaranty lead to an affirmance of the judgment.

Judgment affirmed, with costs. All concur.