(56 Misc. Rep. 659.)

### TRENTON IRON CO. v. TASSI et al.

(Supreme Court, Appellate Term. December 12, 1907.)

1. GUARANTY—RIGHTS OF GUARANTORS—DEVIATION FROM CONTRACT.

 A guarantor may stand upon the express terms of his contract, and is discharged by a deviation to which he does not assent, whether he is harmed thereby or not; and guarantors of an account need not prove damage through the creditor's failure to give them notice of the debtor's default in payments, as required by the contract of guaranty.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guaranty, §§ 64, 77.]

2. SAME.

 Where defendants guaranteed an account "to the extent of $500," requiring the creditor to notify them of any default in payments, upon

which notice defendants agreed to see the account was paid and withdraw the guaranty, the creditor was not entitled to withhold notice of defaults until the indebtedness reached $500, but was bound to give notice when the first default occurred.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guaranty, § 77.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Trenton Iron Company against Louis Tassi and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Louis H. Reynolds, for appellants.
Manice & Perry, for respondent.

BRUCE, J. This action is brought to recover upon a guaranty made by the defendants to the plaintiff, as follows:

"New York, March 3, 1905.

"Trenton Iron Company, New York City—Gentlemen: We will guarantee C. Pagliughi's account with you for thirty days to the extent of $300. Should he default in his payments, notify us and we will see the amount is paid, and withdraw this guaranty.

"Yours very truly,                                        Tassi Brothers."

"New York, September 8th, 1905.

"Trenton Iron Company, New York City—Dear Sirs: Under the same conditions as before, except that the time of payment be extended to sixty days, we are willing to guarantee an account of C. Pagliughi to the extent of $500.

"Yours very truly,                                        Tassi Brothers."

Pagliughi had a running account with the plaintiff, but at no time prior to April 23, 1906, was his account overdue to the extent of $500.

In the agreed statement of facts it appears that between the 24th day of October, 1905, and the 23d day of April, 1906, Pagliughi repeatedly defaulted in payments due the plaintiff for purchases made by him, and that prior to April 23, 1906, no notice of any of these defaults was given to the defendants.

It is the contention of the plaintiff that under the terms of the guaranty they were not required to notify the defendants of any default until Pagliughi's indebtedness, due and unpaid, aggregated the sum of $500; and, further, that in any event it was incumbent upon the defendants to establish that by reason of the failure to give such notice they were damaged. It is well established that the obligation of a surety cannot be extended beyond what the terms of his contract fully import. He has a right to stand upon the express terms of the contract, and cannot be held if variation is made. It is not a question whether he has been harmed by any deviation to which he has not assented. He may stand upon a technical objection, and insist upon a fulfillment of the precise terms of the contract. Barns v. Barrow, 61 N. Y. 39, 19 Am. Rep. 247. By the terms of this guaranty it was expressly provided that the plaintiff should notify the defendants in case Pagliughi should default in his payments, to which the defendants add that in that event they would pay the account and withdraw the guaranty. Notice being required by the express terms of the contract, no proof of damage was necessary.

The plaintiff construes the guaranty to mean that they were required to notify the defendants of Pagliughi's defaults in his payments only when they aggregated the amount of $500. If this construction were to be placed upon it, the statement of the defendants that they would withdraw the guaranty would be surplusage, since when the defaults amounted to $500 the guaranty would be exhausted by its terms.

In the case of Powers v. Clarke, 127 N. Y. 417, 28 N. E. 402, the court said:

"A contract of guaranty, as all the authorities agree, should receive a reasonable interpretation, according to the intent of the parties as disclosed by the writing, which, in a case of ambiguity, may be read in the light of surrounding circumstances."

Interpreting this guaranty by this rule, it seems clear that it was the duty of the plaintiffs to notify the defendants when Pagliughi made his first default in order that they might see that the account was paid, and protect themselves by withdrawing the guaranty.

The judgment should be reversed, and a new trial ordered with costs to appellants to abide the event. All concur.