(66 Misc. Rep. 348.)

ULLMANN REALTY CO. v. HOLLANDER.

(City Court of New York, Trial Term. February, 1910.)

1. PRINCIPAL AND SURETY (§ 99*)—DISCHARGE OF SURETY—CHANGE IN OBLIGATION—REDUCTION OF RENT.

A surety on a lease is not discharged by an agreement between the landlord and the tenant to reduce the rent for a part of the term.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 159; Dec. Dig. § 99.*]

2. PRINCIPAL AND SURETY (§ 99*)—DISCHARGE OF SURETY—CHANGE IN OBLIGATION—REDUCTION OF RENT.

Where the stipulated rent for the first three years of a term of five years was $2,000, and for the remainder of the term $2,300, and the landlord, without the knowledge of the surety on the lease, reduced the rent $5 a month for the first three years, he did not discharge the surety, and on the tenant's default the landlord should recover the rent due at the time the action was brought.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 159; Dec. Dig. § 99.*]

Action by the Ullmann Realty Company against Henry Hollander. Judgment for plaintiff.

Cahn, Nordlinger & Landauer, for plaintiff.

Charles Fischer, for defendant.

GREEN, J. This is an action against a guarantor of a lease. The facts are conceded. The plaintiff, the landlord, leased certain premises to a tenant for five years. The rent for the first three years of the term was $2,000 a year, and for the remaining two years of the term $2,300 a year. During the $2,000 a year period the landlord, without the consent or knowledge of the guarantor or surety on the lease, reduced the rent $5 a month, and the rent, at that reduced rate, was paid and received. The parties to the lease had some differences as to the term of the reduction; but, in a court of competent jurisdiction, it was determined that the reduction was for, and included, the $2,000 a year period. Subsequently, during the $2,300 a year period, when suit for the rent was brought at the latter rate, it was sought by the tenant to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

establish that the reduction was to cover the last two years of the term, as well as the first portion of the term; but the court decided in favor of the landlord, so that the situation now is that the reduction of rent simply applied to the $2,000 a year period alone. The tenant thereafter defaulted in the payment of the rent for five months of the $2,300 a year period and the landlord now sues to recover from the guarantor of the lease the sum of $958.30, with interest, for the rent due thereunder. The defendant, the guarantor, resists the payment of the claim upon the ground that he is discharged from all liability on the guaranty of the lease by reason of the fact that the landlord and tenant made an agreement between themselves to reduce the rent for the period hereinbefore referred to without his knowledge or consent, that this constituted a new agreement, and that consequently he is discharged from all obligation under the guaranty.

It is the well-settled law of this state that the obligation of a guarantor is strictissimi juris, and that he will be discharged by any alteration of the original agreement to which his guaranty applies, whether the alteration is material or not, and that the courts will not inquire whether it is, or is not, to his injury. Paine v. Jones, 76 N. Y. 278; Page v. Krekey, 137 N. Y. 307, 33 N. E. 311, 21 L. R. A. 409, 33 Am. St. Rep. 731. It is equally well settled that the obligation of a surety cannot be extended beyond what the terms of his contract fully import. Trenton Iron Co. v. Tassi, 56 Misc. Rep. 660, 107 N. Y. Supp. 580; Barns v. Barrow, 61 N. Y. 39, 19 Am. Rep. 247. And in the case of Benjamin v. Rogers, 126 N. Y. 60, 70, 26 N. E. 970, 972, Judge Earl said:

"A surety has the right always to impose any limit he chose to his liability. He may always fix the precise terms upon which he is willing to become a surety, no matter whether those terms seem to be material or immaterial. By imposing them he makes them material, and one who makes his contract with a knowledge of the limitations cannot enforce it against him. The general rule as to a surety is that he is not to be bound beyond the plain terms of his contract, and it is not sufficient to make him liable that he may sustain no injury by a change in the contract and that it may even be for his benefit. He has the right to stand upon the very terms of his contract, and if a variation is made it is fatal. Miller v. Stewart, 9 Wheat. 681 [6 L. Ed. 189]."

In the case at bar it is conceded that the reduction went to the $2,000 a year period alone, and that such rent was fully paid, as reduced, during that period; that this action is for rent accruing under the $2,300 a year period, and the question presented is whether the contract was changed or altered, within the meaning of the law, so as to relieve the defendant from liability on his guaranty. It is conceded that the reduction of rent would be of benefit to the guarantor of the lease, and that is self-evident without further inquiry; but I know of no case in this state squarely deciding the question as to whether or not the guarantor would be discharged from liability, it being self-evident, without inquiry, that the change would be of benefit to the guarantor. The nearest approach to the question was in the case of Merritt v. Youmans, 21 App. Div. 256, 47 N. Y. Supp. 664, where a lesser rate of interest was accepted, and the claim was made that the surety was discharged. In that case the court gently swept aside the very point under discussion in the case at bar and said:

*"It is unnecessary to say whether a valid agreement for a reduction of the rate of interest, on a security to be operative in the future, would discharge a surety; but plainly the receipt at a less rate of interest already accrued would have no such effect. Certainly the creditor could take the full interest and immediately return to the debtor the amount of the abatement, and the receipt of the reduced sum is, in substance, only the same transaction."*

The only case called to my attention directly in point is a Massachusetts decision arising in an action against a surety upon a note, where the interest was reduced from 7½ per cent. to 6½ per cent. The surety claimed he was released by the change in the rate of interest, but the court said:

"Where the act of which the surety complains is a new agreement, changing some of the terms of the original agreement, we think the true rule is that if such new agreement is or may be injurious to the surety, or if it amounts to a substitution of the new agreement for the old, so as to discharge and put an end to the latter, the surety is discharged; but if the change from the original contract, in its nature, is beneficial to the surety, or if it is self-evident that it cannot prejudice him, the surety is not discharged." Cambridge Savings Bank v. Hyde, 131 Mass. 77, 41 Am. Rep. 193.

In a case in our own state, in the Court of Appeals, upon facts, however, not analogous to the case at bar, Judge Werner, in a dissenting opinion, concurred in by Justices Martin and Bartlett, quoting and seemingly adopting the language of the Massachusetts case, and citing other cases, said:

"If the change in the original contract, from its nature, is beneficial to the surety, or if it is self-evident that it cannot prejudice him, the surety is not discharged." New York Life Ins. Co. v. Casey, 178 N. Y. 381, 391, 70 N. E. 916, 919.

While it is unquestionably the law in this state, where a contract is altered or changed, that the surety is discharged, and that the courts will not make inquiry to ascertain if the change be to his benefit or his injury, still I am of the opinion that the doctrine as laid down in the Massachusetts case, supra, is the logical, rational, and proper one, and should be applied in this state to cases where, if without inquiry it is self-evident and upon a mere statement of the fact, that benefit must necessarily, without question, result to the guarantor, that he is not discharged or released from his obligation. Law is common sense, and if one guarantee the terms and provisions of a lease of another at $5,000 a year for five years, and voluntarily or by agreement the rent is reduced to $2,000 a year, without any further covenants or conditions in any respect changing the remaining provisions of the lease, would it not be unreasonable, and I may say almost irrational, to hold that the surety is discharged because he is necessarily benefited by a release of a contingent liability to the extent of $15,000 for the full term? I am of the opinion, and I so decide in this case, that where an agreement is altered or changed, and the change is made without the knowledge or consent of the surety or guarantor, but where it appears and it is self-evident, without the necessity of any inquiry, that the alteration cannot be otherwise than beneficial to the surety, he is not discharged from his liability. In addition to this, the liability may still be maintained against the guarantor, upon the theory that the reduc-

tion of rent is a release pro tanto or a gift pro. tanto, voluntarily made on the part of the obligee.

While this case may be disposed of upon the principle adopted. another question presents itself which seems to me to be fatal to defendant's contention. The reduction of rent was allowed during the $2,000 a year period, on the first three years of the term, and this action is for rent accruing during the $2,300 period, or the remainder of the term. That each installment of rent reserved in the lease was and became a separate and independent demand cannot well be denied, and even assuming that the surety had a defense because of the reduction of the rent during the $2,000 a year rate—and which fact was duly determined by a court of competent jurisdiction, as applying only to the rent covering that period—it would be no defense to an action for rent under the $2,300 period, for there was no change in regard to the amount of rent covered by that period. This question was passed upon by the Court of Appeals over 30 years ago and, so far as I have been able to discover, has never been criticised, distinguished, or reversed. See Ducker v. Rapp, 67 N. Y. 464; Coe v. Cassidy, 72 N. Y. 133. See, also, a statement of the law contained in a dissenting opinion in a case involving different facts. Murphy v. Ottmann, 127 App. Div. 567, 111 N. Y. Supp. 912.

In the case of Ducker v. Rapp, supra, the action was brought against the surety on a lease covering rental for a number of months. The plaintiff had begun an action against the lessee for a number of months included in the action against the surety, and in said action against the lessee had entered into a stipulation extending the lessee's time to make payment. As to the months for which the lessee's time to make payment had been extended, the Court of Appeals held that an extension of the time released the surety; but the court said, in reference to the months as to which there was no stipulation or agreement, that:

"The rent due the 1st of February, 1875, included in this action, is not affected by the stipulation. Each installment of rent was a separate and independent demand, and an extension of the time of payment of one would not impair the obligation of the surety as to the others."

In the case of Coe v. Cassidy, supra, the court said:

"It is claimed that these two instruments changed the terms of the lease, and that thereby the defendant as surety was discharged. This may be true as to the rent which fell due on and prior to November 1st; but after that date the rent remained payable monthly as provided in the lease, and, as this action is for rent accruing for the year 1870, there was no change of which the defendant can complain. As to the rent which fell due before 1870, the plaintiff could, after default in its payment, release it or extend the time of its payment without discharging the defendant for rent thereafter to accrue. This is abundantly settled." Ellis v. McCormick, 1 Hilt. 313; Kingsbury v. Williams, 53 Barb. 142; Ducker v. Rapp, 67 N. Y. 464.

Upon the facts in this case, and upon the law as I view it, I am of the opinion that the defendant is not released from the obligation of his guaranty, and that the plaintiff is entitled to judgment for the full amount demanded, with interest.

Judgment accordingly.