### ENO v. GIDONEY.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

FRAUDS, STATUTE OF ⬤⇒33—PROMISE TO ANSWER FOR DEBT OF ANOTHER—ESSENTIALS.

    Where defendant orally promised to pay a sum due plaintiff from a third person for legal services, defendant stipulating that plaintiff should insist upon getting paid by the third person, but that plaintiff might look to defendant for payment, the promise was void under the statute of frauds; the original debt not being extinguished, and the promise not being founded on a new consideration moving to the promisor and beneficial to him.

    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 50–53, 56; Dec. Dig. ⬤⇒33.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Charles Eno against David Gidoney. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Morris Zwerling, of Brooklyn, for appellant.
M. Harold Hochdorf, of New York City, for respondent.

BIJUR, J. Plaintiff sued to recover from defendant the amount of indebtedness due plaintiff from a third person for legal services. Plaintiff testified in substance that defendant called upon him with this third person, and said:

    " 'Well, you know me. I don't want you to sue him. You can look to me for the payment. I will pay that sum of money; but that payment will be made in two payments, one in May and one in June.' I said to him: 'If you promise to pay me that, I will have no further business with Levine; it is agreeable to me. I am willing to give you the time to pay it, but you must pay me.' And I said: 'I won't sue Levine under those circumstances, but will look to you for payment.' And then he said to me, as Mr. Levine was going out, he said: 'I want you to insist upon getting paid by him, but you can look to me for the payment of that money.' And I said: 'All right.' "

It seems to me to be perfectly evident that the promise of defendant, as thus testified to, was purely collateral, and not original, and therefore, in order to be enforceable, should, under the statute of frauds, have been in writing. The question is not whether there was a consideration for defendant's promise, because, concededly, plaintiff's agreement not to sue the third party would have constituted such consideration. The point is, first, that the original debt was not extinguished, because the third person still remains liable; and,

---

second, that it is not shown that defendant's promise is "founded on a new consideration *moving* to the promisor, and *beneficial* to him." See White v. Rintoul, 108 N. Y. 222, at 227, 15 N. E. 318, reviewing Ackley v. Parmenter, 98 N. Y. 425, 50 Am. Rep. 693; also Raabe v. Squier, 148 N. Y. 87, 42 N. E. 516; Brumm v. Gilbert, 50 App. Div. 430, 64 N. Y. Supp. 144; also Mechanics' & Traders' Bank v. Stettheimer, 116 App. Div. 198, 101 N. Y. Supp. 513.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.