JOHN A. SUTTER, Plaintiff, *v.* AUGUST NENNINGER et al.,
Defendants.

(County Court, Kings County, April, 1921.)

Foreclosure — mortgage to secure lease — when extension of payment of installment of rent will not impair obligation of guarantor.

> Where each installment of rent called for by a lease is a separate and independent demand an extension of the time of payment of one will not impair the obligation of a guarantor as to the others.

> In an action to foreclose a mortgage given to secure performance of a lease for five years from January 1, 1916, the default alleged was non-payment of the rent for the period commencing October, 1918, and terminating with the month of April, 1919, the amount thereof being in excess of the principal of the mortgage. *Held,* that a letter from the lessor to the lessee granting a credit for a part of the rent from October 1, 1917, to September 30, 1918, and an extension of the time for the payment of the balance of rent accruing during that year, did not affect the rent accruing after the expiration of that period, even assuming that the letter, relied upon by defendant as a modification of the guaranty contained in the mortgage, was based upon absolute consideration.

> There being no provision of the lease restricting the assignment thereof and the language of the guaranty for the payment of rent neither contemplating nor creating a trust personal to the promisee, the guaranty was not a special one.

ACTION to foreclose mortgage.

John R. McDonald (John B. White, of counsel), for plaintiff.

John Mcgregor (William W. Cantwell, of counsel), for defendant Nenninger.

BAYES, J.   Foreclosure of mortgage given to secure performance of the terms, covenants and conditions of a lease.   The lease is dated December 18, 1915,

between the Sutter Company, a domestic corporation, lessor, and Richard Pastor, lessee, the premises leased being situate in Rockland county, N. Y. The term is for five years from January 1, 1916; rental for the first year, $696.65; for the second year, $1,200; and for each of the three remaining years, $1,500, the demised premises to be used for hotel purposes. The lease contains the following clause: "*And the party of the second part (lessee) further agrees to furnish a mortgage executed by one August Nenninger * * * on property owned by the said Nenninger at No. 77 Driggs avenue, * * * as security for the payments of rents to the extent of $500.00, which sum in the event of a breach of this lease is fixed as liquidated damages therefor.*" The mortgage required by the foregoing clause of the lease was likewise dated December 18, 1915, and executed by August Nenninger to said Sutter Company upon premises known as No. 77 Driggs avenue, Brooklyn. The mortgage recites the demise of the Rockland county premises (Vick's Hotel) and provides as follows: "*That the said Nenninger is justly indebted to the mortgagee (The Sutter Company) in the sum of Five hundred dollars ($500.00) lawful money of the United States of America, to be paid as provided for under the terms, covenants and conditions of the lease referred to, to the mortgagee, his legal heirs, representatives and assigns in the event that the said lessee, Richard Pastor, should become liable to the said Sutter Company, in the event of a breach of the terms, covenants and conditions of said lease and as therein provided for, not exceeding, however, the amount of the obligation herein mentioned, it being intended hereby to secure to the said Sutter Company the performance of said lease by the lessee and any damages which may result by reason of a breach thereof on the part of the lessee, not exceeding, however, the amount herein specified.*" And, further,

" *Provided always that if the said mortgagor, his legal representatives or assigns shall pay unto the said mortgagee, its legal representatives or assigns the said sum of money mentioned in the condition of the said obligation at the time and in the manner mentioned in the said condition, then these presents, &c., shall * * * be void.*" Following the execution of the lease and mortgage, the said Pastor went into possession. The default alleged is non-payment of rent for the period commencing with the month of October, 1918, and terminating with the month of April, 1919, the amount thereof being in excess of the maximum of $500 specified in the mortgage. The mortgage and lease were assigned October 15, 1917, by the Sutter Company to John A. Sutter. The demised premises were conveyed October 25, 1917, by the Sutter Company to John A. Sutter and Benjamin F. Riley. Defendant Nenninger contends that his liability is discharged by reason of a modification of the terms of the contract of guaranty. This is predicated upon a letter written by the Sutter Company to Richard Pastor under date of October 11, 1917, and reading in part as follows: " In reference to our conversation of yesterday, beg to inform you that I have talked the matter over with Mr. Riley, and we are willing to make the following condition: After September rent, 1917, is paid, we will agree, for one year, from October 1, 1917, to September 30, 1918, to accept $700 in rent and give you a credit on our books for the difference, according to the terms of the lease, which would make a credit of $500. We do this in order that the conditions of the lease will not be broken in any particular. We, of course, could not ask for any stated monthly payment, as you inform me that you would be unable to pay rent during the winter. In order to evade waiting till the end of the year for the $700 we will make the condition that the rent be paid on demand at any time during

County Court, Kings County, April, 1921.   [Vol. 115.

the year. We, of course, will not press you and will not ask for any rent until such time as we think you could conveniently pay it, but before asking for any stated amount we will communicate with you to find out what amount it would be possible for you to pay.'' In my opinion, defendant's contention in this regard is untenable. The letter grants a credit for a part of the rental for the period from October 1, 1917, to September 30, 1918, and an extension of time for the payment of the balance accruing during that year. It does not, however, affect the rent accruing after the expiration of said period. It has been held that where each installment of rent is a separate and independent demand an extension of the time of payment of one will not impair the obligation of a guarantor as to the others. *Coe* v. *Cassidy,* 72 N. Y. 133; *Murphy* v. *Ottmann,* 127 App. Div. 567; *Ullman R. Co.* v. *Hollander,* 67 Misc. Rep. 287. The decision on this phase of the case assumes that the letter above referred to, which is relied upon by defendant as a modification of the guaranty, is based upon absolute consideration. It is proper to say, however, that I do not find from an examination of the letter, or by fair implication therefrom, that the alleged modification rests upon a valid consideration. *Brumm* v. *Gilbert,* 50 App. Div. 430. Defendant further contends the contract is a special guaranty made to the Sutter Company and hence not assignable until a cause of action thereon has arisen. There is not, however, any provision in the lease restricting the assignment thereof by the lessor, and the language of the guaranty contained in the mortgage does not contemplate or create a trust that is personal to the promisee. Hence the guaranty is not special and the cases cited by defendant do not apply. *Brumm* v. *Gilbert, supra.*

Judgment for plaintiff.