PATRICK FEENEY, Appellant, v. JOHN H. GRANEY, Respondent.— Judgment unanimously affirmed, with costs.

Before STATE INDUSTRIAL BOARD, Respondent. LOUIS FLORICK, Respondent, v. BROAD WINDOW CLEANING COMPANY and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. SAMUEL GREENSTEIN, Respondent, v. PALADINO CONTRACTING COMPANY and Another, Appellants.— Award reversed and claim dismissed, with costs against the State Industrial Board, on the ground that claimant was an independent contractor. All concur.

GUSSIE GERSHON, Respondent, v. JULIUS KRONMAN, Appellant, Impleaded with Another, Defendant.— Judgment and order unanimously affirmed, with costs, on the authority of Wood v. Welz (40 App. Div. 202; affd., 167 N. Y. 570); Verschleiser v. Newman (76 Misc. 544) and Halbe v. Adams, No. 1 (172 App. Div. 186).

Before STATE INDUSTRIAL BOARD, Respondent. GEORGE P. GRIESBAUM, Respondent, v. AMERICAN RADIATOR COMPANY and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. GEORGE ROBERT GRAHAM, Respondent, v. SHERWOOD METAL WORKING COMPANY and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. FRED GAIDELLA, Respondent, v. KLIM, LINDER & BAUER LITHOGRAPHING COMPANY and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board, on the authority of Szmuda v. Kent Bag Co. (214 App. Div. 341), decided herewith.

Before STATE INDUSTRIAL BOARD, Respondent. MURRAY GILLESPIE, Respondent, v. McCLINTIC-MARSHALL COMPANY, Appellant.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that the average weekly wage of the claimant at the time of the accident was not correctly determined, and upon the further ground that the claimant, having since the accident refused work with the appellant at a higher wage than he has been receiving for the reason that the appellant does not employ union labor, cannot have his present earning capacity valued upon a lower basis.

Before STATE INDUSTRIAL BOARD, Respondent. MAUDE L. GREENE, Respondent, v. AFGAR REALTY CORPORATION and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. ANTONIO GASQUET, Respondent, v. GASTON LE CLERCQ and Another, Appellants.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that there is no legal evidence to show that the accident in question was the cause of the claimant's condition upon which the award is based. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. CHARLES J. GALLANT, Respondent, v. WALDO S. REED and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. WILLIAM HORGAN, Respondent, v. GILBERT TRUCKING Co., INC., and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.