CHARLES CAPRON MARSH and Another, Formerly Copartners Doing Business under the Firm Name of MARSH & WEVER, Plaintiffs, *v.* GEORGE W. PERKINS and Others, Defendants.

Supreme Court, New York County, August 2, 1928.

**Assignments — what may be assigned — cause of action based on breach of personal contract may be assigned, under Pers. Prop. Law, § 41.**

The defendants' motion to dismiss the complaint in this action on the ground that the plaintiffs are suing as assignees and that the rights of the assignors under the contract are non-assignable because the contract is one of a personal nature, is denied.

The action is based on an assignment of a cause of action for breach of the contract in question and is not based upon the contract itself, and said cause of action is, under section 41 of the Personal Property Law, subject to assignment, and, therefore, the plaintiffs may maintain the action.

MOTION by defendants to dismiss complaint.

*Kellogg, Emery, Innes-Brown & Cuthell* [*Dean Emery* and *Jesse F. Orton* of counsel], for the plaintiffs.

*Stanley M. Moffat* [*Gerrard Glenn* and *DeWitt C. Jones, Jr.,* of counsel], for the defendants.

FRANKENTHALER, J. The sole point raised by the defendants on this motion to dismiss the complaint is that the rights of defendant Tench under the contract of September 21, 1925, are non-assignable and that plaintiffs, as his assignees, are, therefore, without

standing to maintain this action. The latter concede that the agreement is so personal in character that Tench may not transfer to another his rights and obligations thereunder. They point out, however, that by Exhibit C, attached to and made part of their complaint, Tench assigned to them on the 30th day of November, 1927, " any and all claims, demands and *causes of actions* whatsoever which the said assignor now has  * * *  against any one or more of the parties to the aforesaid contract of September 21, 1925,  * * *  growing out of, based upon or becoming due under or by reason of the aforesaid contract of September 21, 1925, or *by reason of non-performance, failure of performance or breach thereof.*" They direct attention also to the fact that said exhibit expressly states that its purpose is to enable plaintiffs " to enjoy and to assert any right, claim, demand or *cause of action* which except for this assignment the said Frederick Tench could demand, claim or assert by virtue of said contract of September 21, 1925, and / or *by reason of any acts done, performed or unperformed in respect thereof.*" It is their contention that they are relying not upon an assignment of the agreement proper, but rather upon the transfer to them, *after breach* of such causes of action as Tench may have possessed against the other parties to the contract by reason of their failure to comply with its obligations. No useful purpose can be served by summarizing the allegations of the fairly lengthy complaint and the provisions of the even lengthier contract. Suffice it to state that the gravamen of the complaint is that defendant Perkins, in violation of the duties, express and implied, imposed upon him by the agreement of September 21, 1925, caused certain mortgages to be canceled and a leasehold to be sold, with the result that Tench was deprived of moneys which he would have been entitled to receive, the amount of which plaintiffs claim only an accounting can determine. All this occurred prior to November 30, 1927, the date of the assignment embodied in Exhibit C. As the right of *Tench* to an accounting of the moneys which Perkins' alleged wrongful acts kept from him is not questioned, it must be assumed, for the purposes of this motion, that he would have been entitled to such redress. It seems to me that he could validly assign this cause of action arising out of defendants' breach of the contract and that plaintiffs may, therefore, maintain this action. Section 41 of the Personal Property Law appears to cover the situation here presented. It provides that " any claim or demand can be transferred " with certain specifically enumerated exceptions, none of which has any applicability to the instant case. In Williston on Contracts the author points out that *after breach* a cause of action based thereon may be assigned, although the

contract itself was theretofore non-assignable (p. 767): " A right to damages for breach of contract is also assignable, and a contract right which was too personal for assignment may on its breach give rise to an assignable action for damages." (See, also, *Base Ball Players Fraternity, Inc.,* v. *Boston American League Base Ball Club,* 166 App. Div. 484; affd., 221 N. Y. 704; *Byrne* v. *Dorey,* 221 Mass. 399; *Brumm* v. *Gilbert,* 50 App. Div. 430, 433.) The motion is accordingly denied.