ELIZABETH V. CLUVER, Plaintiff, v. PAUL SACHS, Defendant.

Municipal Court of New York, Borough of Brooklyn, Fourth District, November 18, 1930.

*Arthur G. Mandeville*, for the plaintiff.

*William A. Bacher*, for the defendant.

BOGENSHUTZ, J.   On July 30, 1926, a lease was made between plaintiff as landlord and Sachs Restaurant, Inc., as tenant, for a building in the borough of Brooklyn, to be used as a restaurant and family dwelling, for a term beginning August 1, 1926, and ending May 31, 1931.   The rent to be paid in monthly installments in advance on the first day of each month.   The lease provided that the tenant would not assign the lease nor let or underlet the whole or any part of the leased premises without the written consent of the landlord.   In consideration of the letting, defendant executed an instrument in which he covenanted and agreed with plaintiff landlord " that if default shall at any time be made by the said Sachs Restaurant, Inc., in the payment of the rent and performance of the covenants contained in the within lease, on its part to be paid and performed, that I will well and truly pay the said rent, or any arrears thereof that may remain due unto the party of the first part, and also all damages that may arise in consequence of the non-performance of said covenant, or either of them, without requiring notice of any such default from the said party of the first part."   Some time later the tenant assigned or underlet the leased premises to one Bliefernicht, with the consent of plaintiff. The said assignee paid the rent from that time until June 1, 1929. Some time after the assignee took possession, on a plea that business was poor, plaintiff voluntarily, without waiving any rights under the lease, accepted a lesser sum monthly than that stipulated in the lease.   Default being made of the rent due June and July, 1929, plaintiff on July 11, 1929, instituted summary proceedings to dispossess the tenant and assignee therefor.   Tenant and assignee appeared in such proceeding.   The result was the entry of a judgment of final order in favor of plaintiff on July 11, 1929, followed

by the issuance of a warrant July 17, 1929, and removal of the tenants. The present three successive actions were commenced, each to recover two months' rent, the sum stipulated in the lease, for the months from June 1, 1929, up to and including January, 1930. The answer interposed by defendant guarantor sets up the defense " that he was discharged and relieved from all liability under the guaranty, because of a substantial and material alteration in the terms of the lease, between plaintiff and the assignee of the tenant, without his knowledge and consent." Defendant urges two points in support of his claim that he be released and discharged from liability as guarantor: 1. Plaintiff's acceptance of a lesser sum than that stipulated in the lease. 2. That the issuance of the warrant in the summary proceeding for non-payment of rent annulled the relation of landlord and tenant and consequently released his obligation as guarantor. Under the situation presented in this record I find no force in either contention. While it is a well-settled rule in this State that the obligation of a guarantor is strictly *strictissimi juris*, and that he will be discharged by any alteration of the original agreement to which his guaranty applies, whether it is or not to his injury (*Nat. Mech. B'k'g Asso'n* v. *Conkling*, 90 N. Y. 116, 121; *Page* v. *Krekey*, 137 id. 307, 314), his obligation cannot be extended beyond what the terms of his contract fully import. (*Trenton Iron Co.* v. *Tassi*, 56 Misc. 659, 660.) I find no authority that supports the contention that a voluntary consent and temporary acceptance of a reduced rental charge is a material alteration of the terms of a lease, so as to effect the discharge of a guarantor. On the contrary, whether the reduction is allowed directly to the tenant, or to his assignee, it is a beneficial concession to both. The obligation of the guarantor is not altered in any way. The temporary reduction is a sacrifice or waiver by plaintiff. (*Ducker* v. *Rapp*, 67 N. Y. 464, 474; *Coe* v. *Cassidy*, 72 id. 133; *Wood* v. *Welz*, 40 App. Div. 202.) In the absence of a mutual agreement by all, based on a consideration, such concession will not deprive a landlord from again asserting his rights to be paid the rent stipulated in the lease. (*McKenzie* v. *Harrison*, 120 N. Y. 260; *Zindler* v. *Levitt*, 132 App. Div. 397.) On the second point urged by defendant I find no authority to support his contention that the issuance of the warrant in the summary proceeding released him of his obligation. The assignment of the lease was within the terms and contemplation of the guaranty (*Morgan* v. *Smith*, 70 N. Y. 537) and included past obligations and those still to accrue. (*People* v. *Lee*, 104 N. Y. 441.) The parties to the lease were privileged to contract as they saw fit. (*Mann* v. *Munch Brewery*, 225 N. Y. 189, 194.) The covenant of guaranty follows

the terms of the lease. It is my view that under the terms of this lease, the obligations on the part of the tenant to pay the stipulated rent survived until the end of the term, although it be out of possession. This view has the support of that provision in the lease, to wit, " and it is agreed that if said premises or any part thereof shall become vacant during said term, or should the Tenant be evicted by summary proceedings or otherwise, the Landlord or her representatives may re-enter the same by force or otherwise, without being liable to prosecution therefor, and the Tenant shall pay at the same time as rent is payable under the terms hereof, a sum equivalent to the rent reserved herein, and the Landlord may re-let said premises on behalf of the Tenant, applying any moneys collected, first to the expenses of resuming or of obtaining possession, and then to the payment of the rent and all other charges due to the Landlord, any surplus to be paid to the Tenant, who shall remain liable for any deficiency," and also the following authorities: *Mann* v. *Munch Brewery* (*supra*); *Henochstein* v. *Nachman* (218 App. Div. 673, 675); *Forty-five East Fifty-seventh St. Co., Inc.*, v. *Millar* (214 id. 189). The clear intent of the parties to the lease being expressed to keep it alive to the end of the term permitting the enforcement of the covenant to pay the rent stipulated therein, defendant's obligation under his covenant of guaranty follows in case of tenant's default or of those holding under it. There must be judgment for plaintiff in each action for the amount sued for.