In the Matter of the Claim of MICHAEL CZAUS, Respondent, against LALANCE GROSJEAN MANUFACTURING COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 19, 1930.

*Jeremiah F. Connor,* for the appellant.

*Hamilton Ward, Attorney-General,* for the respondent State Industrial Board.

*Maurice Baron,* for the claimant, respondent.

PER CURIAM. The claimant was injured October 11, 1926, and was paid compensation to June 23, 1927, on the basis of total disability. The Board has now found that he was partially disabled from June 23, 1927, to March 1, 1928, and totally disabled from March 1, 1928, to June 1, 1928, and partially disabled from June 1, 1928, to June 12, 1930. Claimant has been paid for the total disability suffered from March 1, 1928, to June 1, 1928, due to an operation. An award has now been made for partial disability for the periods from June 23, 1927, to March 1, 1928, and from June 1, 1928, to February 14, 1930, and from February 14, 1930, to June 12, 1930, in which earning capacity has been determined on the basis of what claimant has actually earned as a real estate sales-man, which work he undertook upon the recommendation of the Rehabilitation Bureau. He finished his course in real estate sales-manship in June or July, 1929, after studying it five or six weeks. At the time of his accident he was employed as a machine nailer in the employer's sheet metal ware work.

There is no proof of the extent of claimant's disability or earning capacity during the period from June 23, 1927, to March 1, 1928, during which time he apparently did no work. The physicians who examined him reported that he was able to work. He admitted at the hearing in August, 1927, that he had received a letter from the employer offering him work at the factory. At the hearing of July 19, 1929, the employer's representative repeated the offer, stating that the employer would be willing to give him " a job suitable for him to do," at twenty dollars a week, which he refused on the advice of his counsel. His average weekly wages at the time of the accident were found to be twenty-five dollars and thirty-three cents. The Board has ignored this offer of suitable employment in fixing earning capacity and has fixed it at much less, based upon claimant's actual earnings during the time he was actually employed as a real estate salesman. We see nothing in the advice of claim-ant's counsel or otherwise appearing in the record to justify fixing earning capacity at less than the amount offered by the employer, beginning at the time of the offer. (*Gillespie* v. *McClintic-Marshall*

*Co.*, 215 App. Div. 734; *Dzink* v. *United States Railroad Administration*, 204 id. 164.) It was claimant's duty to make an effort to do the "suitable" work offered to him unless he was willing to have his earning capacity fixed accordingly. The award must be fixed upon the basis of claimant's capacity to earn and not alone on actual wages received. (*Behrens* v. *Stevens Co.*, 188 App. Div. 66; *Cantor* v. *Kaplan*, 209 id. 338; *Rudolph* v. *Wieland, Inc.*, 214 id. 831.)

For these reasons the award should be reversed and claim remitted with costs against the State Industrial Board to abide the event.

VAN KIRK, P. J., HINMAN, DAVIS, WHITMYER and HILL, JJ., concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.